IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALERY WILLIAMS, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| PHILADELPHIA WATER DEPARTMENT, *Defendant* | : : : | No. 23-1728 |

## MEMORANDUM

PRATTER, J.                                                                                                                                  AUGUST 7, 2023

Valery Williams, who is proceeding *pro se*, brings this civil action related to the City of Philadelphia Water Department turning off her water, seemingly due to her noncompliance with water meter regulations. The City of Philadelphia[1] filed a motion to dismiss Ms. Williams's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court will grant the City's motion to dismiss without prejudice.

## BACKGROUND

Ms. Williams alleges that on January 6, 2023, her water services were disconnected "without notification." Compl. ¶ III(C). However, she also alleges that a notice was left on her door stating that the water services were shut off due to meter non-compliance, specifically, that

---

[1] The Complaint lists the Philadelphia Water Department as the defendant. However, the Court will treat the Complaint as having been brought against the City of Philadelphia because, under 53 Pa. Cons. Stat. § 16257, each City department no longer has "a separate corporate existence, and . . . all suits growing out of their transactions . . . shall be in the name of the [C]ity of Philadelphia." *See, e.g., Boles v. City of Phila. Water Dep't*, No. 06-cv-1609, 2010 WL 2044473, at *1 n.1 (E.D. Pa. May, 21, 2010) (treating complaint which named the City of Philadelphia Water Department as the defendant as "having been brought against the City of Philadelphia" under 53 Pa. Cons. Stat. § 16257); *Gibson v. City of Phila.*, No. 07-cv-318, 2007 WL 1521213, at *1 n.1 (E.D. Pa. May 23, 2007) ("[T]he City of Philadelphia, and not the Water Department, is the appropriate defendant in light of 53 P.S. § 16257 . . . .").

Ms. Williams's water meter was not functioning or accessible as required. Ms. Williams alleges that 17 days after her water was shut off, she received a mailed letter dated January 12, 2023, informing her that she needed to make an appointment for the Philadelphia Water Department to service her meter and for water services to be restored. Ms. Williams then contacted the Water Department and spoke to multiple employees, all of whom told her to make an appointment with the Water Department to have a new water meter installed, after which her water would be restored. Ms. Williams alleges that her water services were disconnected for a total of 110 days. Ms. Williams also alleges that she suffers from hypertension and as a result of her water being shut off for so long, she experienced increased blood pressure and high levels of stress. As relief, Ms. Williams seeks "a copy of the Accuracy Test that was done before installation of the new meter" in her home and monetary compensation in the amount of $110,000. Compl. ¶ V.

Ms. Williams alleges that the Water Department's actions violated unspecified City policies and regulations and Pennsylvania state regulations by "illegally" disconnecting her water services. Compl. ¶ III(C). Ms. Williams asserts that this Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 based on the City's alleged violation of "Admin. Code tit.83,280.220 Utility Complaint." Compl. ¶ II(B).

The City seeks dismissal of Ms. Williams's claims against the Water Department because it argues that the Court lacks subject matter jurisdiction and because Ms. Williams has failed to state a claim upon which relief can be granted.

## LEGAL STANDARD

The Court construes Ms. Williams's *pro se* filings "liberally." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even given the indulgent nature of the Court's review of *pro se* pleadings, litigants who represent themselves "must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

A Rule 12(b)(1) motion challenges a federal court's authority to hear a claim for lack of subject matter jurisdiction. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006). "At issue in a Rule 12(b)(1) motion is the court's very power to hear the case." *Id.* (internal quotation marks omitted). "The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). "If the defendant raises no challenge to the facts alleged in the pleadings, the court may rule on the [Rule 12(b)(1)] motion by accepting the [complaint's] allegations as true." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 177 (3d Cir. 2000).

DISCUSSION

**I.     Ms. Williams's Complaint Will Be Dismissed for Lack of Subject Matter Jurisdiction**

Subject matter jurisdiction "may be based on the presentation of a federal question, 28 U.S.C. § 1331, or diversity of citizenship, 28 U.S.C. § 1332(a)." *Walthour v. City of Phila.*, 852 F. App'x 637, 638 (3d Cir. 2021). Although a *pro se* plaintiff's complaint will be liberally construed, she still bears the burden of demonstrating subject matter jurisdiction, and a complaint "must adequately allege a basis for federal jurisdiction by including 'a short and plain statement of the grounds for the court's jurisdiction.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(1)); *see also Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016) ("[U]nder Rule 12(b)(1), the plaintiff must prove the court has subject matter jurisdiction."). To establish federal question jurisdiction under § 1331, "the party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." *Goldman v. Citigroup Glob. Mkts., Inc.*, 834 F.3d 242, 249 (3d Cir. 2016).

Ms. Williams asserts in the Complaint that the basis for federal jurisdiction here is federal question jurisdiction under § 1331. She cites to "Admin. Code tit.83,280.220 Utility Complaint"

3

as the only federal right at issue.[2] Compl. ¶ II(B). This, however, is not a federal statute. Rather, the citation appears to refer to a provision of the Illinois Administrative Code which sets forth procedures for raising utility complaints. Ill. Admin. Code tit. 83, § 280.220. Because Ms. Williams fails to plausibly plead that the City's alleged illegal conduct violates a federal law, or that this action otherwise "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, she has failed to satisfy her burden of alleging sufficient grounds for the exercise of federal question jurisdiction.[3] *See Kalick v. United States*, 604 F. App'x 108, 111 (3d Cir. 2015) (affirming district court's dismissal of complaint under Rule 12(b)(1) for lack of jurisdiction where the plaintiff did "not seek a remedy granted by the Constitution or federal law, and none of the claims asserted against [the defendant] arise out of or implicate the Constitution or federal law").

---

[2] In her response to the City's motion to dismiss, Ms. Williams appears to allege a new claim for a due process violation under the Fourteenth Amendment. Pl.'s Resp./Reply at 1. However, the Court may not consider Ms. Williams's newly asserted due process claim because it was alleged in a response to a motion to dismiss, rather than in an initial complaint or in an amended complaint. *See Jefferies v. Ameriquest Mortg. Co.*, 543 F. Supp. 2d 368, 385 (E.D. Pa. 2008) ("[A plaintiff] cannot raise a new claim in her brief that she has not already pleaded.") (citing *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 499 (3d Cir. 1997)); *Fudge v. Marsh*, No. 20-cv-2112, 2022 WL 509329, at *4 (M.D. Pa. Feb. 18, 2022) (declining to consider plaintiff's new allegations that were only asserted in his brief in opposition to the defendant's motion to dismiss); *Spence v. Balchon*, No. 16-cv-357, 2019 WL 2358454, at *7 (W.D. Pa. April 11, 2019) ("The Court cannot address Plaintiff's new claims and allegations . . . in his Response [to the motion to dismiss] without an Amended Complaint."). Thus, at this stage, the Court cannot consider Ms. Williams's newly asserted due process claim, particularly as it relates to the conferral of federal question jurisdiction. *See Goldman*, 834 F.3d at 249 (holding that the "grounds for jurisdiction [must] be clear on the face of the pleading that initiates the case").

[3] Ms. Williams is also unable to establish federal subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a). Although the amount in controversy exceeds the $75,000 jurisdictional threshold because Ms. Williams seeks $110,000 in monetary compensation, she fails to establish complete diversity of citizenship because both she and the City are citizens of Pennsylvania. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) ("Jurisdiction under § 1332(a) requires complete diversity, meaning that no plaintiff can be a citizen of the same state as any of the defendants.") (internal quotation marks omitted); *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State . . . is a citizen of the State for diversity purposes.").

The Court will grant the City's motion to dismiss under Rule 12(b)(1) without prejudice to Ms. Williams to endeavor to replead her claim and attempt to establish federal jurisdiction.[4]

## II. Leave to Amend

Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). As the City of Philadelphia acknowledges in its motion to dismiss, allowing Ms. Williams to amend her complaint at this early stage serves the interest of justice, particularly in light of her *pro se* representation. So, the Court will grant Ms. Williams leave to amend her complaint to attempt to cure the pleading deficiencies identified in the City's motion to dismiss and as discussed above.

## CONCLUSION

Because Ms. Williams has failed to meet her burden to show that her case is properly before the Court, the City of Philadelphia's motion to dismiss is granted without prejudice. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court finds it lacks the "very power to hear th[is] case," it need not consider the City's argument under Rule 12(b)(6). *See, e.g., Suleiman v. Cardona*, No. 22-cv-736, 2023 WL 4564598, at *4 (W.D. Pa. July 17, 2023) ("Because the Court has found it does not have subject matter jurisdiction over Plaintiff's claims as alleged, the Court may not address Defendants' remaining arguments."); *Masciantonio v. United States*, No. 21-cv-176, 2023 WL 2744490, at *1 (W.D. Pa. Mar. 31, 2023); *Berutti v. Wolfson*, No. 22-cv-4661, 2023 WL 1071624, at *2 (D.N.J. Jan. 27, 2023) ("The best practice is to consider a Rule 12(b)(1) motion before any other issues as a successful Rule 12(b)(1) motion means that the court has no jurisdiction to hear the claim.").