**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VALERY WILLIAMS, | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | No. 23-cv-01728 |
| PHILADELPHIA WATER | : | |
| DEPARTMENT, | : | |
| | : | |
| *Defendant.* | : | |
| | : | |
| | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2023, upon consideration of Defendant's Motion to Dismiss the Amended Complaint, it is **HEREBY ORDERED** that the Motion is **GRANTED**. It is **FURTHER ORDERED** that all claims against Defendant are **DISMISSED with prejudice**.

BY THE COURT:

_____
Hon. Gene K. Pratter

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| VALERY WILLIAMS, | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | No. 23-cv-01728 |
| PHILADELPHIA WATER | : | |
| DEPARTMENT, | : | |
| | : | |
| *Defendant.* | : | |
| | : | |
| | : | |

**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

Defendant, the City of Philadelphia, hereby files this Motion to Dismiss Plaintiff Valery Williams' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Pursuant to Local Rule 7.1(c), Defendant hereby incorporates by reference the attached Memorandum of Law as though fully set forth at length herein.

Date:  August 29, 2023                    Respectfully submitted,

                                          /s/ Melissa Medina
                                          Melissa Medina
                                          Deputy City Solicitor
                                          Pa. Attorney ID No. 327048
                                          City of Philadelphia Law Department
                                          1515 Arch Street, 15th Floor
                                          Philadelphia, PA 19102
                                          (215) 683-2970
                                          Melissa.Medina@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VALERY WILLIAMS, | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | No. 23-cv-01728 |
| PHILADELPHIA WATER DEPARTMENT, | : | |
| | : | |
| | : | |
| *Defendant.* | : | |
| | : | |
| | : | |

**DEFENDANT'S MEMORANDUM OF LAW
<u>IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................... iii

  I.    INTRODUCTION .................................................................................... 1

  II.   BACKGROUND AND PROCEDURAL HISTORY ........................................ 1

  III.  ARGUMENT ........................................................................................... 2

     A.  Legal Standard ........................................................................................... 2

     B.  Plaintiff Fails to Establish a Basis for Municipal Liability............................ 3

     C.  Dismissal of the Amended Complaint Should be With Prejudice, As Further
Amendment Would be Futile......................................................................... 5

  IV.  CONCLUSION ....................................................................................... 6

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alvin v. Suzuki*, 227 F.3d 107 (3d Cir. 2000)................................................................ 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................... 1, 3

*Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173 (3d Cir. 2000) ................................ 3

*Evancho v. Fisher*, 423 F.3d 347 (3d Cir. 2005) ................................................................ 3

*Fowler v. UPMC Shadyside*, 570 F.3d 203 (3d Cir. 2009)................................................. 3

*Gibson v. City of Philadelphia*, No. CIV.A. 07-0318, 2007 WL 1521213, at *1 (E.D. Pa.
    May 23, 2007)................................................................................................ 1

*Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289 (3d Cir. 1988) ........................... 5

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239 (3d Cir. 2013) ........................................ 3

*McTernan v. City of York*, 564 F.3d 636 (3d Cir. 2009)...................................................... 4

*Monell v. Department of Soc. Svcs*, 436 U.S. 658 (1978) ................................................. 1, 3

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997)....................................... 3

*Mulholland v. County of Berks*, 706 F.3d 227 (3d Cir. 2013) .......................................... 4

*Phillips v. Cty of Allegheny*, 515 F.3d 224 (3d Cir. 2008).............................................. 3

*Rees v. Office of Children and Youth*, 473 F. App'x 139 (3d Cir. 2012)......................... 4

*Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30,
    3008) .......................................................................................................... 3

**Statutes**

28 U.S.C. § 1331................................................................................................ 1

53 P.S. § 16257 ................................................................................................ 1

Fed. R. Civ. P. 12(b)(6).................................................................................... 2

## I.    INTRODUCTION

Plaintiff Valery Williams filed this *pro se* Amended Complaint against the City of Philadelphia Water Department (the "City"),[1] asserting claims related to a period in which she alleges her water services were disconnected. Plaintiff claims a violation of the Fourteenth Amendment by the City.

Plaintiff has failed to state a claim for relief, because she has not established a basis for municipal liability under *Monell v. Department of Soc. Svcs*, 436 U.S. 658 (1978), and its progeny. Plaintiff has not, and cannot, establish a City policy or custom that caused the constitutional violation she alleges. Accordingly, Plaintiff's Amended Complaint should be dismissed, with prejudice, as further amendment would be futile.

## II.   BACKGROUND AND PROCEDURAL HISTORY[2]

Plaintiff claims that, on January 6, 2023, the water services in her home were disconnected. Amended Complaint, ECF No. 12, p.1. A notice left at Plaintiff's door indicated that water services were shut off due to noncompliance with meter regulations. *Id.* Plaintiff was informed that, to have water services restored, she needed to make an appointment with the Water Department to have a new water meter installed. *Id.* Plaintiff refused to have a new meter installed and disputed this requirement with the Water Department and other agencies. *Id.*

---

[1]     The Complaint lists the Philadelphia Water Department as Defendant. However, the City of Philadelphia Water Department does not have an independent corporate existence; therefore, all claims against the Water Department must be brought in the name of the City. *See* 53 P.S. § 16257. *See also Gibson v. City of Philadelphia*, No. CIV.A. 07-0318, 2007 WL 1521213, at *1 (E.D. Pa. May 23, 2007) (noting that, in light of 53 P.S. § 16257, the City of Philadelphia, not the Water Department, is the appropriate defendant in a lawsuit). As such, for the purposes of this case, the City will respond to all claims on behalf of the Water Department.

[2]     For the purposes of this Motion to Dismiss only, Plaintiff's factual allegations are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Plaintiff claims that eventually the Water Department "put a battery" on top of her old meter and water services were reconnected. *Id.*

On May 3, 2023, Plaintiff filed a Complaint in the United States District Court for the Eastern District of Pennsylvania. The initial Complaint claimed a violation of an Illinois law related to the filing of utilities disputes in Illinois. The City moved to dismiss the Complaint for lack of jurisdiction and failure to state a claim, because Plaintiff claimed federal question jurisdiction without having cited a violation of federal law. On August 8, 2023, the Complaint was dismissed for lack of subject matter jurisdiction, and Plaintiff was given 60 days to move the Court for leave to file an amended complaint. *See* ECF No. 11. On August 11, 2023, Plaintiff filed the Amended Complaint, alleging a violation of the Fourteenth Amendment. Plaintiff does not explain how her Fourteenth Amendment rights were violated, but apparently asserts a violation based on the Water Department allegedly not following its own "policy and regulation" when it suspended her water services. Am. Compl., p.2.

## III.    ARGUMENT

The Amended Complaint fails to state a claim for a Fourteenth Amendment violation. Under the framework set forth by the Supreme Court in *Monell*, to state a claim against a municipality for a constitutional violation, Plaintiff must allege some municipal policy or custom that caused the violation. Here, Plaintiff does not claim any City policy or custom that caused the violation she complains of and, as such, has failed to state a claim upon which relief can be granted.

### A.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of cases that fail to state a claim upon which relief can be granted. A complaint must allege facts "sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 570 F.3d 203,

2

211 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In assessing a motion

to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept

all "well-pleaded facts as true;" any legal conclusions set forth in the complaint must be

disregarded. *Id.* at 210–11 (citing *Iqbal*, 556 U.S. at 677); *Phillips v. Cty of Allegheny*, 515 F.3d

224, 233 (3d Cir. 2008).

      Courts need not accept as true unsupported conclusions and unwarranted inferences made

by a plaintiff, nor should courts entertain a plaintiff's bald assertions or legal conclusions. *Doug*

*Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183-184 (3d Cir. 2000); *Morse v. Lower*

*Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Although courts afford some flexibility to

*pro se* parties, an unrepresented plaintiff still must comply with court rules and satisfy the

appropriate pleading standards. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.

2013).

      **B.  Plaintiff Fails to Establish a Basis for Municipal Liability.**

      The Court should dismiss the Amended Complaint because Plaintiff fails to state a claim

for municipal liability under the standards set forth in *Monell*. Municipal entities are only liable

for alleged constitutional violations "when execution of a government's policy or custom,

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent

official policy, inflicts the injury that the government as an entity is responsible for." *Monell*, 436

U.S. at 694. A complaint asserting an action against a municipality must include "specific factual

allegations referencing the conduct, time, place, and persons responsible for any official

municipal policy or custom." *Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5

(E.D. Pa. June 30, 3008) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)).

      Additionally, as the Third Circuit has held, on multiple occasions, a complaint that

neglects "to allege conduct by a municipal decisionmaker" cannot survive a motion to dismiss.

*See McTernan v. City of York*, 564 F.3d 636, 658–59 (3d Cir. 2009); *Rees v. Office of Children and Youth*, 473 F. App'x 139, 143 (3d Cir. 2012) (holding that a complaint cannot state a *Monell* claim if it "fails to link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority").

In adjudicating *Monell* claims, "courts have recognized a two-path track to municipal liability . . . depending on whether the allegation is based on municipal policy or custom." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *Id.* (citations and quotations omitted).

Here, Plaintiff fails to allege a *Monell* claim against the City for two separate and independently sufficient reasons. First, the Amended Complaint simply asserts that the Water Department shut off Plaintiff's water services, with no mention of a City policy or custom that caused this to happen. Nowhere in the Amended Complaint does Plaintiff connect her Fourteenth Amendment claim to any City policy or custom. Rather, Plaintiff's claim seems to be that her rights were violated because the City *did not* follow its own (unspecified) policies in her case. *See* Am. Compl. (alleging that "the Philadelphia Water Department did violate their own policy and regulation."). Second, Plaintiff fails to make any factual allegations regarding the conduct of a municipal decisionmaker in the Amended Complaint.

Plaintiff cannot establish a *Monell* claim for municipal liability and, as such, has failed to state a claim upon which relief can be granted.

4

**C. Dismissal of the Amended Complaint Should be With Prejudice, As Further Amendment Would be Futile.**

It is well-established that "leave to amend [a complaint] may be denied . . . if amendment would be futile." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Here, Plaintiff already amended her complaint once, and is still unable to make out a cognizable claim against the City. In fact, the very premise of her Fourteenth Amendment claim is that that the City violated her rights, not through a municipal policy, but through ***not following*** unnamed Water Department "policies and regulations." *See* Am. Compl., p.2 ("The statue [sic] I reference in my initial complaint was my mistake, it actually led me to the Fourteenth Amendment. In closing the Philadelphia Water Department did violate their own policy and regulation.").

Since Plaintiff's claim is necessarily premised upon the absence of a municipal policy or custom, she is unable, as a matter of law, to state a *Monell* claim that would establish municipal liability for a constitutional violation. Because "amendment will not cure the deficiency in the original complaint," granting Plaintiff leave to amend her complaint for a second time would be futile, and dismissal should be with prejudice. *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

IV.    **CONCLUSION**

For the foregoing reasons, the City respectfully requests that the Court dismiss the

Amended Complaint, with prejudice.


Date:  August 29, 2023                                    Respectfully submitted,


                                                          */s/ Melissa Medina*
                                                          Melissa Medina
                                                          Deputy City Solicitor
                                                          Pa. Attorney ID No. 327048
                                                          City of Philadelphia Law Department
                                                          1515 Arch Street, 15th floor
                                                          Philadelphia, PA 19102
                                                          215-683-2970
                                                          Melissa.Medina@phila.gov


6

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VALERY WILLIAMS, | : |
| | : |
| *Plaintiff,* | : |
| | : |
| v. | : |
| | : No. 23-cv-01728 |
| PHILADELPHIA WATER DEPARTMENT, | : |
| | : |
| | : |
| *Defendant.* | : |
| | : |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date below, Defendant's Motion to Dismiss the Amended

Complaint was filed via the Court's electronic filing system and is available for downloading.


Date:  August 29, 2023                    Respectfully submitted,

                                          <u>*/s/ Melissa Medina*</u>
                                          Melissa Medina
                                          Deputy City Solicitor
                                          Pa. Attorney ID No. 327048
                                          City of Philadelphia Law Department
                                          1515 Arch Street, 15th Floor
                                          Philadelphia, PA 19102
                                          215-683-2970
                                          Melissa.Medina@phila.gov