Valery Williams, Plaintiff


     v.


Philadelphia Water Department, Defendant


No. 23-cv-01728


ANSWER



Defendant Deputy City Solicitor states in the Introduction to dismiss my Complaint, that Plaintiff has not established a City policy or custom that caused a Constitutional Violation. As in Amended Complaint,

A. Plaintiff provided the Fourteenth Amendment specifically references UTILITY SERVICES. Utility Companies must provide Customers with fair notice prior to Shut-off of water services. If notice was not given Due Process of Law was not afforded, a Constitutional Violation.

B. Plaintiff provided the PWD regulations in full regarding policy referencing SHUT-OFFS. Reg 100.4 (a) water services can only be shut-off without prior Notice under these conditions – a danger to life, health, safety, or property. Reg 100.4 (b)(2) after notice is given PWD can shut your water off after being denied 2 consecutive billing periods entry into the property to READ,MAKE CHANGES or REPAIRS to the meter. Plaintiff had no emergency which presented a danger to life, health, safety, or property. Plaintiff received no prior notice or denied PWD entry into property ever before water services were shut-off January 6th 2023. (see attachment again). Reg 100.5 (a) A shut-off notice in English and Spanish will be mailed or delivered to a Customer. Date on or after which water will be shut off. Reg 100.5(c) Shut-off for Lack of Meter Access, PWD will send or deliver a

notice by mail or hand delivery stating that to avoid shut off of services, the customer must contact PWD and provide access.(see attached again).

These PWD REGULATIONS/POLICY establishes the CAUSE of a Constitutional Violation under the Fourteenth Amendment DUE PROCESS. Plaintiff never received prior notice of any dispute PWD had that would result in the termination of water services.

Defendant Deputy City Solicitor states that water services were shut off due to Non-Compliance and that to have Plaintiffs water shut back on she needed to make an appointment to have a new meter installed and Plaintiff refuse this requirement, and that Plaintiff claims that PWD  put a battery on top of her old meter and water services were connected.

A. The reason Non-Compliance states we have been unable to access the water meter. You must have a functioning and accessible meter. Plaintiffs meter was functioning correctly and accessible. And to shut off water service per reg 100.6 (c)- Shut off for Lack of Meter Access, PWD will send or deliver a NOTICE by mail or hand delivery prior to shut off.(see attached) After speaking to PWD, Plaintiff was told that the Shut-off notice reason was wrong. PWD was replacing all meters with new upgraded meters and that Plaintiff had to make an appointment to have the new meter installed and then water would be turned on. PWD shut Plaintiffs water off without NOTICE and for the wrong REASON. And now Plaintiff must have her functioning meter replaced by a new upgraded meter without NOTICE or benefit, to have her water restored. There is no REQUIREMENT under city, state, or federal law, that water services can be terminated without a valid lawful reason alongside a NOTICE of intent. Yes, Plaintiff disputed illegal/unlawful action PWD committed, and sought help from other government agencies.

B. From January 7th 2023,  Plaintiff had  been told by PWD and government agencies that Plaintiffs water would only be restored when her meter was replaced with a new updated meter. Well that never happened .Plaintiffs 2012 installed functioning and accessible meter was not replaced, why not? The only service to the meter was to attach a battery on top of the old

meter. Not a claim it's a FACT(see attached again). What does the battery do, no one knows?

PWD reg 100.4(2) Shut Off of Utility Service states when PWD is denied for two consecutive billing periods access to meter to read or make changes or repairs per PWD reg 100.5(a) a Shut-off NOTICE will be mailed or delivered to customer stating per PWD reg 100.5(a)(1) Date on or after which water will be turned off.

Defendant Deputy City Solicitor states that Plaintiff failed to state a claim for relief because Plaintiff has not established a bases for municipal liability under Monell v. Department of Social Services,436 U.S. 658 (1978). Plaintiff must allege some municipal policy or custom that caused the violation.

A.  Plaintiff Federal Case is Williams versus Philadelphia Water Department a Utility Service.

B.  Plaintiff provided legal written facts that the PWD caused the Violation.

1. City's PWD's own policy states specific reasons for water Shut-Offs and prior NOTICE  must be provided.

2.States PUC states specific reasons for water Shut-Off and prior NOTICE must be provided(see attached)

3.Federal Fourteenth Amendment states that PRIOR NOTICE- DUE PROCESS must be provided under the LAW.

Conclusion

Plaintiff contacted US Human Services and was told to contact Pennsylvania Public Utilities Commission. Plaintiff contacted Pa-PUC and was told that they had no jurisdiction over PWD. Plaintiff contacted the Attorney General Office of Pennsylvania and was told to contact the Municipality Commission. Plaintiff contacted the office twice and left messages and as of this date have not received a response. Unless being the government authority over the Philadelphia Water Department and they have a different policy then the PWD, PUC and Federal policy governing Utility Services, then the Defendant should state this, if not then this motion to dismiss should not be granted

Valery Williams