IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VALERY WILLIAMS,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **PHILADELPHIA WATER** | : | |
| **DEPARTMENT,** | : | **No. 23-1728** |
| *Defendant* | : | |

**M E M O R A N D U M**

YOUNGE, J.                                                                                                                            MAY 24, 2024

    Ms. Williams has twice attempted to state a federal claim against the City of Philadelphia for turning off her water service without prior notice. However, her amended complaint fails to allege that Ms. Williams was injured by a policy or custom of the City of Philadelphia. In fact, she has specifically pled that the City failed to comply with its own policies in her particular case. Frustrating as this may be, it is insufficient to state a federal cause of action against the City under the Due Process Clause of the Fourteenth Amendment. The Court grants the City's motion to dismiss and dismisses with prejudice Ms. Williams' amended complaint.

### BACKGROUND

    Ms. Williams filed her original complaint against the Philadelphia Water Department in May 2023, alleging that her water services were disconnected "without notification." The Court dismissed without prejudice her original complaint for lack of subject matter jurisdiction because she premised federal question jurisdiction on the City of Philadelphia's putative violation of the Illinois Administrative Code. Ms. Williams then filed an amended complaint, alleging a violation

1

of the Due Process Clause of the Fourteenth Amendment. The City has moved to dismiss the amended complaint.

On January 6, 2023, Ms. Williams' water service was shut off "without prior notice." The Philadelphia Water Department left a notice on Ms. Williams' door, explaining that their "representatives . . . tried to contact [Ms. Williams] previously and need to access the . . . property" to service Ms. Williams' outdated water meter. Later, when a technician from the Water Department arrived at Ms. Williams' home to install a new water meter, Ms. Williams declined to allow the technician to "replace and install anything." The technician left, and Ms. Williams' water apparently remained shut off because her water meter continued to be noncompliant. Eventually, the Water Department entered Ms. Williams home, "put a battery on top of [Ms. Williams'] water meter," and turned her water back on.

## LEGAL STANDARD

The Court grants a motion to dismiss where "it appears to a certainty that no relief could be granted under any set of facts which could be proved." *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (quoting *D.P. Enter., Inc. v. Bucks Cnty. Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984)). The Court takes all factual allegations in the complaint as true. *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court construes Ms. Williams' pro se filings "liberally." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A pro se litigant does not face the same standards as parties represented by counsel. *Kovalev v. Lidl US, LLC*, 647 F. Supp. 3d 319, 335 (E.D. Pa. 2022) (citing *Estelle*, 429 U.S. at 106). However, a pro se litigant must allege sufficient facts to state a claim. *Id.* (citing *Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022)).

## DISCUSSION

### I. Failure to State a Claim

Ms. Williams fails to state a claim against the City of Philadelphia for a violation of the Fourteenth Amendment. As an initial matter, claims against the Water Department are in fact claims against the City. *See* 53 Pa. Cons. Stat. § 16257; *Gibson v. City of Philadelphia*, No. 07-0318, 2007 WL 1521213, at *1 n.1 (E.D. Pa. May 23, 2007). The City can only be liable "for constitutional violations that are caused by its official policies and customs." *Porter v. City of Philadelphia*, 975 F.3d 374, 383 (3d Cir. 2020) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). However, Ms. Williams has specifically pled that "the Philadelphia Water Department did *violate* their own policy and regulation" by failing to give her notice before shutting off her water service. Am. Compl. 2, Doc. No. 12 (emphasis added); *see also id.*, Doc. No. 12-3 at 6 ("The PWD erred in implementing their responsibilities of Notification[,] . . . which violated their own written regulations and Customer Rights[.]"). Because Ms. Williams' alleged injuries are a result of the City's failure to abide by its policies, rather than a result of those policies themselves, she has failed to claim that her injury is the result of a municipal policy.

Ms. Williams has also failed to plead that her alleged injury is the result of a custom. "A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices . . . are so permanent and well-settled' as to virtually constitute law." *Mulholland v. Government County of Berks, Pa.*, 706 F.3d 227, 237 (3d Cir. 2013) (cleaned up) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). Ms. Williams has not pled any facts from which the Court could conclude that the City has a custom of shutting off water services without giving appropriate notice. Upon careful review of her second amended complaint, the

Court concludes that Ms. Williams has merely pled that the City failed to abide by its own notice procedures under the circumstances of her particular case. This is insufficient to allege a custom.

## II.    Futility of Amendment

Amendment in this case would be futile. Courts ordinarily provide plaintiffs with leave to file an amended complaint when granting defendants' motion to dismiss in full. *Kurtz v. Westfield Ins.*, 610 F. Supp. 3d 703, 710 (E.D. Pa. 2022). However, the Court "may dismiss a complaint with prejudice when 'leave to amend would be futile.'" *Id.* (quoting *Lontex Corp. v. Nike, Inc.*, 384 F. Supp. 3d 546, 559 (E.D. Pa. 2019)). This is Ms. Williams' second attempt to state a claim against the Philadelphia Water Department. Frustrating as it may have been to have her water turned off without prior notice, the allegation that the City failed to follow its own notice procedures in Ms. Williams' case is simply insufficient to state a federal cause of action. *Cf. id.* (quoting *In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 514 (E.D. Pa. 2018)) ("Leave to amend is futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'").

The Court therefore grants the City's motion to dismiss and dismisses Ms. Williams' complaint with prejudice.

### CONCLUSION

The City's motion to dismiss the amended complaint is granted. Ms. Williams' amended complaint is dismissed with prejudice. An appropriate order follows.

                                                    **BY THE COURT:**

                                                    /s/ John Milton Younge
                                                    **Judge John Milton Younge**