BLD-027                                                                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2658
_____

VALERY WILLIAMS,
                Appellant

v.

PHILADELPHIA WATER DEPARTMENT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-01728)
District Judge: Honorable John M. Younge
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

Before: SHWARTZ, MATEY, and CHUNG, Circuit Judges

(Opinion filed: November 18, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Valery Williams, proceeding in forma pauperis, appeals from the District Court's order dismissing her amended complaint. **Ct. App. Dkt. No. 6; Dist. Ct. Dkt. No. 20.** Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

Williams filed an amended complaint in the District Court under 28 U.S.C. § 1983 alleging that the Philadelphia Water Department disconnected her water services without notice and violated due process. **Dist. Ct. Dkt. No. 12.** She asserted that the Water Department violated its own policies and regulations when it provided her notice only after disconnecting the water services. **Id. at 1-2.** This notice stated that the Department needed to access and replace her water meter. **Id. at 1.** Williams did not want her meter upgraded or replaced. **Id.** Eventually, the Water Department entered Williams's home, placed a battery on the water meter, and reconnected her water services. **Id. at 2.**

The City of Philadelphia[1] moved to dismiss the amended complaint for failure to state a claim. **Dist. Ct. Dkt. No. 13.** The District Court granted the City's motion and dismissed the case with prejudice, finding that further amendment would be futile. **Dist. Ct. Dkt. Nos. 17, 18.** Williams appealed. **Dist. Ct. Dkt. No. 20.**

II.

---

[1] See 53 Pa. Stat. Ann. § 16257 (requiring that all suits stemming from transactions of any department of the City of Philadelphia be in the name of the City).

2

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a dismissal for failure to state a claim. Grier v. Klem, 591 F.3d 672, 676 (3d Cir. 2010). We construe a pro se litigant's claims liberally, see Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021), but to avoid dismissal, the complaint must allege sufficient facts to state a plausible claim for relief, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"[A] municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (emphasis omitted). Thus, to state a claim, Williams had to allege that she suffered a constitutional violation caused by the City's policy or custom. See Porter v. City of Philadelphia, 975 F.3d 374, 383 (3d Cir. 2020). We agree with the District Court that Williams failed to do so. Williams's allegations did not set forth sufficient facts to allege plausibly that the City was responsible for a policy or custom that violated her constitutional rights. See Porter, 975 F.3d at 383; Iqbal, 556 U.S. at 678.

The appeal presents no substantial question because the District Court did not err by dismissing the amended complaint. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Nor did it abuse its discretion by finding that further amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Accordingly, we will summarily affirm the District Court's order.